The plaintiff appeals from the trial court's dismissal of his amended complaint asserting a contractual cause of action based on economic duress. We affirm.
The undisputed facts are as follows:
In September 1977, Lincoln National Sales Corporation leased an office complex from Jack Ponder, d/b/a Ponder Properties, pursuant to a lease agreement that required an annual rental payment of $5.50 per square foot for a 3-year period. The lease also offered Lincoln National the option to renew the lease for an additional 3-year period from December 1980 through November 1983. In 1980, Lincoln National exercised its renewal option for the period December 1980 through November 1983, and negotiated additional renewal options, each for a 3-year period — one at $7.00 per square foot for December 1, 1983, through November 30, 1986; another at $8.25 per square foot for December 1, 1986, through November 30, 1989; and another at $10.00 per square foot for December 1, 1989, through November 30, 1992.
In 1986, Lincoln National, through its employee David Naefe, advised Ponder that it would not exercise the option to renew its lease of the premises for the period December 1, 1986, through November 30, 1989, at $8.25 per square foot, but it offered to enter into a 5-year lease agreement at $5.23 per square foot. Lincoln National notified Ponder that if he did not agree to the reduced rental payments for the five-year period, Lincoln National would construct its own building and vacate the premises.
According to Ponder, because of the poor rental market in the Mobile area, of which he says Lincoln National was aware, and because of what he called the "great harmful effect and loss that would [have been] caused if [he had] failed to agree to the demands of [Lincoln National], [he] agreed to [the] reduction in rent based upon the threats, representations and statements constituting inequitable coercion by [Lincoln National]." Lincoln National's actions, says Ponder, constituted "business compulsion and economic duress" that caused him to involuntarily enter into the contract through coercion and proximately caused him damages through lost rent in the amount of $114,383. Consequently, he sued Lincoln National and Naefe, based on what he termed their "inequitable and unconscionable conduct," specifically requesting the trial court to "invoke its equitable power to do justice and remedy [Lincoln National's] inequitable conduct and actions by reinstating the terms of the [1980 and 1983 agreements] and reform the lease agreement pursuant to the intent of the parties as reflected in those writings . . . and enter judgment for [Ponder] in the sum of $114,383."
Lincoln National and Naefe filed a motion to dismiss the complaint as to those claims, pursuant to Rule 12(b)(6), Ala.R.Civ.P., for failure to state a claim upon which relief could be granted. The trial court granted the motion and made the *Page 1171 
dismissal final pursuant to Rule 54(b), Ala.R.Civ.P.[1]
Ponder appealed.
 "Economic duress consists of: '(1) wrongful acts or threats; (2) financial distress caused by the wrongful acts or threats; [and] (3) the absence of any reasonable alternative to the terms presented by the wrongdoer.' The doctrine of economic duress applies only to 'special, unusual, or extraordinary situations in which unjustified coercion is used to induce a contract, as where extortive measures are employed, or improper or unjustified demands are made, under such circumstances that the victim has little choice but to accede thereto.'
 " 'The entering into a contract with reluctance or even dissatisfaction with its terms because of economic necessity does not, of itself, constitute economic duress invalidating the contract. Unless unlawful or unconscionable pressure is applied by the other party to induce the entering into a contract, there is not economic compulsion amounting to duress.' "
(Emphasis added.) Clark v. Liberty Nat'l Life Ins.Co., 592 So.2d 564, 567 (Ala. 1992), quotingInternational Paper Co. v. Whilden, 469 So.2d 560,562-63 (Ala. 1985); see Chouinard v. Chouinard,568 F.2d 430 (5th Cir. 1978). A claim of economic duress cannot be based merely upon the grounds of driving a hard bargain. Rather, the "wrongful act" prong of the test for economic duress is not satisfied unless the victim has acted in response to unlawful or unconscionable pressure. Clark v. LibertyNat'l Life Ins. Co., supra.
Lincoln National had an option to renew its lease with Ponder. An "option" is "a promise that meets the requirements for the formation of a contract and limits the promisor's power to revoke an offer." Restatement (Second) of Contracts
§ 25 (1981). An "option" to renew a lease on specific terms is a contractual right for the benefit of the holder of the option and it binds the lessor who granted the option. The holder of an option is under no duty to exercise the option, nor is the holder of an option morally wrong in not exercising the option. Furthermore, merely taking advantage of another's financial difficulty is not duress. See S. Williston, ATreatise on the Law of Contracts, § 1617, at 708 (3d ed. 1970). See, also, Chouinard v. Chouinard, supra. Rather, "[a] party will ordinarily be held to an agreement even though his adversity has been taken advantage of, as long as the contract has been shaped by a prevailing market force." E. Farnsworth, Contracts, § 4.17, at 263 (1982).
Lincoln National was not obligated to exercise the renewal option in the lease agreement, and it committed no wrongful act when, under the prevailing market conditions at the time, it engaged in negotiations for better lease terms. The allegations of Ponder's complaint, viewed in the light most favorable to Ponder, do not suggest that Lincoln National applied unlawful or unconscionable pressure amounting to duress. Ponder's allegations suggest nothing more than that the modification of the lease agreement occurred by mutual agreement of sophisticated parties engaged in an ordinary commercial real estate transaction. Therefore, we must conclude that as to the duress claim, Ponder failed to state a claim upon which relief could be granted. That portion of the complaint was properly dismissed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and KENNEDY, JJ., concur.
[1] Ponder had also alleged that Lincoln National had breached the lease agreement by failing to leave the premises in good repair when it moved out at the end of the lease term. That cause of action is still pending below. *Page 1172